**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| **RALPH MENOTTI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 08 C 2767** |
| **v.** | ) | |
| | ) | **Judge Coar** |
| **THE METROPOLITAN LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | **Magistrate Judge Brown** |
| | ) | |
| **Defendant.** | ) | |

**METROPOLITAN LIFE INSURANCE COMPANY'S
ANSWER TO THE PLAINTIFF'S COMPLAINT**

Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorneys, Michael J. Smith and Warren von Schleicher, hereby answers the Complaint filed by the plaintiff, RALPH MENOTTI ("Menotti" or "plaintiff"), and states as follows:

**Jurisdiction and Venue**

1.     Jurisdiction is based upon the matter in controversy arising under the laws of the United States, 28 U.S.C. § 1331 and under 29 U.S.C. § 1001, et. seq., ("ERISA"). Declaratory judgment is sought pursuant to 28 U.S.C. §§ 2201 and 2202, and 29 U.S.C. § 1132. This Court has jurisdiction over all Counts pursuant to 29 U.S.C. § 1132(e).

ANSWER:     MetLife admits that federal jurisdiction is proper. Except as admitted, MetLife denies the remaining allegations contained in paragraph 1 of plaintiff's Complaint.

2.     Ralph Menotti, ("Menotti") is a resident of Vernon Hills, Lake County, Illinois.

ANSWER:     MetLife admits the allegations contained in paragraph 2 of plaintiff's Complaint.

3.     The Metropolitan Life Insurance Company ("MetLife") is a foreign corporation with its principal place of business located at Boston, Massachusetts, and through its affiliate,

New England Financial, is an insurance company providing a long term disability insurance plan, ("the Plan").

ANSWER:    MetLife admits that it is a foreign corporation with its principal place of business outside of the State of Illinois and that New England Financial is an insurance company that provides disability insurance.  Except as admitted, MetLife denies the remaining allegations contained in paragraph 3 of plaintiff's Complaint.

4.    During all relevant times herein, Menotti procured a long term disability insurance policy on January 15, 1992 through MetLife's affiliate, New England Financial, policy No. 19-1D223290 and was a participant in the Plan maintained by MetLife. A copy of the policy is attached hereto as Exhibit 1.

ANSWER:    MetLife admits that Menotti procured a disability insurance policy, number is 19 1D223290, through New England Financial and that said policy is attached as Exhibit 1 to the Complaint.  Except as admitted, MetLife denies the remaining allegations contained in paragraph 4 of plaintiff's Complaint.

5.    MetLife administered and maintained the Plan within the meaning of ERISA, 29 U.S.C. § 1002(16)(B), a party in interest with respect to the Plan within the meaning of ERISA, 29 U.S.C. § 1002(14), and a fiduciary of the Plan within the meaning of ERISA, 29 U.S.C. § 1002(21).

ANSWER:    MetLife denies the allegations contained in paragraph 5 of plaintiff's Complaint.

**Facts**

6.    On November 23, 2005, Menotti suffered personal injuries in an automobile accident.

ANSWER:    MetLife admits that on or about November 23, 2005, Menotti was involved in a motor vehicle accident wherein he claims to have sustained personal injuries. Except as admitted, MetLife denies the remaining allegations contained in paragraph 6 of plaintiff's Complaint.

7.    On May 1, 2006, Menotti submitted an Income Protection Claim, claiming that he was disabled and unable to perform the functions of his job as s [sic] commodities broker, performing open outcry trading with the Chicago Mercantile Exchange, ("CME"), from March 20, 2006.

ANSWER:    MetLife admits that in May 2006, Menotti submitted an Income Protection Claim dated May 1, 2006. Except as admitted, MetLife denies the remaining allegations contained in paragraph 7 of plaintiff's Complaint.

8.    On July 30, 2006, Menotti formally left his position with the CME.

ANSWER:    MetLife admits that Menotti claims to have ceased trading at the CME as of July 30, 2006. Except as admitted, MetLife denies the remaining allegations contained in paragraph 8 of plaintiff's Complaint.

9.    Thereafter, MetLife commenced paying Menotti monthly disability benefit payments of $5550/month as of June, 2006.

ANSWER:    MetLife admits that it paid a monthly disability benefit to Menotti in the amount of $5,500 beginning in June 2006 and for a period of time thereafter. Except as admitted, MetLife denies the remaining allegations contained in paragraph 9 of plaintiff's Complaint.

10.    On December 18, 2007 MetLife wrote Menotti a letter denying his claim.

ANSWER:    MetLife admits the allegations contained in paragraph 10 of plaintiff's Complaint.

11.     Notwithstanding the denial of Menotti's claim, Menotti is disabled within the meaning of his policy in that his restrictions and limitations preclude him from engaging in his chosen profession as a commodities trader.

ANSWER:     MetLife denies the allegations contained in paragraph 11 of plaintiff's Complaint.

12.     Alternatively, Menotti is "residually disabled" within the meaning of the policy, and is entitled to benefits under this provision of the policy.

ANSWER:     MetLife denies the allegations contained in paragraph 12 of plaintiff's Complaint.

13.     Menotti timely served MetLife with an administrative appeal of his claim in accordance with the provisions of the Plan on March 3, 2008.

ANSWER:     MetLife admits that, through his attorneys, Menotti submitted an appeal of MetLife's determination to decline his claim on or about March 3, 2008.  Except as admitted, MetLife denies the remaining allegations contained in paragraph 13 of plaintiff's Complaint.

14.     MetLife consequently denied the administrative appeal of his claim on May 8, 2008 on the basis that Menotti was not totally or residually disabled under the terms of the Plan.

ANSWER:     MetLife admits that, on or about May 8, 2008, it upheld its determination that Menotti was not eligible to receive total disability or residual disability benefits pursuant to the Policy.  Except as admitted, MetLife denies the remaining allegations contained in paragraph 14 of plaintiff's Complaint.

15.     Plaintiff has exhausted the Plan's claims procedure.

ANSWER:     MetLife admits that Menotti has exhausted the claims procedures pursuant to the Policy.  Except as admitted, MetLife denies the remaining allegations contained in paragraph 15 of plaintiff's Complaint.

16.    Benefits are due Menotti and vested under the Plan as Plaintiff has complied with all conditions in order to receive such disability benefits.

ANSWER:    MetLife denies the allegations contained in paragraph 16 of plaintiff's Complaint.

17.    Menotti was and is still totally disabled, or in the alternative, residually disabled from engaging in the employment as a commodities trader.

ANSWER:    MetLife denies the allegations contained in paragraph 17 of plaintiff's Complaint.

18.    MetLife's denial of Menotti's claim for medical benefits under the Plan was arbitrary and capricious and in violation of ERISA as an inherent conflict of interest existed, as MetLife decided whether Menotti was eligible for benefits, paid those benefits, and then ultimately decided that Menotti was not disabled within the meaning of the Plan.

ANSWER:    MetLife denies the allegations contained in paragraph 18 of plaintiff's Complaint.

### COUNT I – Violation of Plan Terms

19.    Plaintiff repeats and realleges Paragraphs 1 through 17 [sic] and incorporates them by reference herein.

ANSWER:    MetLife restates its answers to paragraphs 1 through 18 and incorporates those answers by reference herein.

20.    Defendant MetLife's denial of the claim is a breach of the terms of the Plan in violation of 29 U.S.C. § 1104(a)(1)(D).

ANSWER:    MetLife denies the allegations contained in paragraph 20 of plaintiff's Complaint.

21.    Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to recover his attorney's fees.

ANSWER:    MetLife denies the allegations contained in paragraph 21 of plaintiff's Complaint.

## COUNT II – Interference With ERISA Rights

22.     Plaintiff repeats and realleges Paragraphs 1 through 21 and incorporates them by reference herein.

ANSWER:     MetLife restates its answers to paragraphs 1 through 21 and incorporates those answers by reference herein.

23.     As Defendant MetLife rejected Menotti's appeal, Defendant intended to frighten Plaintiff into not pursuing his Plan benefit. Accordingly Defendant interfered with Plaintiff's rights under ERISA by refusing to pay his Plan benefit and by forcing him to incur attorney's fees to obtain these benefits, in violation of 29 U.S.C. § 1140.

ANSWER:     MetLife denies the allegations contained in paragraph 23 of plaintiff's Complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.     Menotti fails to state a cognizable claim for relief under ERISA.  Accordingly, the Complaint should be dismissed for failure to state a claim.

2.     Menotti has failed to comply with the conditions precedent to the entitlement of benefits under the terms and conditions of the Policy's definition of Total Disability.

3.      Menotti has failed to comply with the conditions precedent to the entitlement of benefits under the terms and conditions of the Policy's definition of Residual Disability.

WHEREFORE, defendant, METROPOLITAN LIFE INSURANCE COMPANY, respectfully requests that the court dismiss the Complaint and award MetLife its costs incurred.

Respectfully submitted,

Michael J. Smith
Warren von Schleicher
Smith, von Schleicher & Associates  By:  /s/ Warren von Schleicher_____
39 S. LaSalle St., Suite 1005                Attorney for Defendant,
Chicago, IL 60603                              Metropolitan Life Insurance Company
(312) 541-0300

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorney(s) of record:

Eugene K. Hollander
ehollander@ekhlaw.com

Paul W. Ryan
pryan@ekhlaw.com

Respectfully submitted,

/s/Warren von Schleicher

Smith, von Schleicher & Associates
39 S. LaSalle St., Suite 1005
Chicago, Illinois  60603
(312) 541-0300
(312) 541-0933 Facsimile
E-Mail:  warren.vonschleicher@svs-law.com
Illinois ARDC# 6197189