**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RALPH MENOTTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.     08 C 2767 |
| v. | ) | |
| | ) | |
| THE METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY, | ) | Magistrate Judge Nolan |
| | ) | |
| Defendant. | ) | |

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, Ralph Menotti, by and through his attorneys, The Law Offices of Eugene K. Hollander, and for his Second Amended Complaint at Law, states as follows:

### Jurisdiction and Venue

1. Jurisdiction is based upon the matter in controversy as this matter is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

2. Ralph Menotti, ("Menotti") is a citizen of Vernon Hills, Lake County, Illinois.

3. The Metropolitan Life Insurance Company ("MetLife") is a foreign corporation incorporated under the laws of the State of New York, and maintains its principal place of business in New York, New York. MetLife, therefore, is a citizen of the state of New York. MetLife, through its affiliate, New England Financial, is an insurance company providing a long term disability insurance plan, ("the Plan").

4. During all relevant times herein, Menotti procured a long term disability insurance policy on January 15, 1992 through MetLife's affiliate, New England Financial, policy No. 19-1D223290 and was a participant in the Plan maintained by MetLife. A copy of the policy is attached hereto as **Exhibit 1**.

5. MetLife administered and maintained the Plan.

## Facts

6. On November 23, 2005, Menotti suffered personal injuries in an automobile accident.

7. On May 1, 2006, Menotti submitted an Income Protection Claim, claiming that he was disabled and unable to perform the functions of his job as s commodities broker, performing open outcry trading with the Chicago Mercantile Exchange, ("CME"), from March 20, 2006.

8. On July 30, 2006, Menotti formally left his position with the CME.

9. Thereafter, MetLife commenced paying Menotti monthly disability benefit payments of $5550/month as of June, 2006.

10. On December 18, 2007 MetLife wrote Menotti a letter denying his claim, claiming that he was no longer disabled within the meaning of the Plan, and stopped paying his benefits.

11. Notwithstanding the denial of Menotti's claim, and MetLife's refusal to pay his benefits, Menotti is disabled within the meaning of his policy in that his restrictions and limitations preclude him from engaging in his chosen profession as a commodities trader.

12. Alternatively, Menotti is "residually disabled" within the meaning of the Plan, and is entitled to benefits under this provision of the policy.

13. Menotti timely served MetLife with an administrative appeal of the denial of his claim in accordance with the provisions of the Plan on March 3, 2008.

14. MetLife consequently denied the administrative appeal of his claim on May 8, 2008 on the basis that Menotti was not totally or residually disabled under the terms of the Plan.

15. Plaintiff has exhausted the Plan's claims procedure.

16. Benefits are due Menotti and vested under the Plan as Plaintiff has complied with all conditions in order to receive such disability benefits.

17. Menotti was and is still totally disabled, or in the alternative, residually disabled from engaging in the employment as a commodities trader.

18. MetLife's denial of Menotti's claim for medical benefits under the Plan was arbitrary and capricious. Further, an inherent conflict of interest existed, as MetLife decided whether Menotti was eligible for benefits, paid those benefits, and then ultimately decided that Menotti was not disabled within the meaning of the Plan.

## COUNT I – Breach of Contract

19. Plaintiff repeats and realleges Paragraphs 1 through 18 and incorporates them by reference herein.

20. Defendant MetLife's denial of the claim is a breach of the terms of the Plan.

21. Menotti has fulfilled all conditions precedent required of him under the terms and conditions of the Plan prior to filing the instant action.

22. Menotti has made demand for his benefits pursuant to the terms of the Plan, but said demand has gone unanswered.

23. Menotti has been damaged in the sum of at least $1,132,000, which represents the loss of the balance of his monthly disability benefits through age 65.

24. Plaintiff is also entitled to prejudgment interest pursuant to 815 ILCS 205/2.

**WHEREFORE**, Plaintiff Ralph Menotti respectfully prays that this Honorable Court enter a judgment in his favor and against Defendant for the sum of $1,132,000, prejudgment interest, plus all costs of this action.

## COUNT II – Anticipatory Breach of Contract

25. Plaintiff repeats and realleges Paragraphs 1 through 24 and incorporates them by reference herein.

26. Defendant MetLife has breached the Plan by denying Plaintiff's claim in December, 2007, and has further and repeatedly breached said contract by failing to pay Menotti his disability benefits since December, 2007.

27. Based upon Defendant MetLife's refusal to pay Menotti his benefits since December, 2007, and its wrongful denial of Plaintiff's administrative appeal, it is clear that Defendant MetLife has unequivocally manifested its intention not to render performance under the Plan.

28. Menotti does not have any reasonable expectations that Defendant MetLife will honor the terms of the Plan, and Menotti is thus entitled to treat Defendant's repudiation of the Plan as a breach.

4

29. Menotti has been damaged in the sum of at least $1,132,000, which represents the loss of the balance of his monthly disability benefits through age 65.

30. Plaintiff is also entitled to prejudgment interest pursuant to 815 ILCS 205/2.

**WHEREFORE**, Plaintiff Ralph Menotti respectfully prays that this Honorable Court enter a judgment in his favor and against Defendant for the sum of $1,132,000, prejudgment interest, plus all costs of this action.

### COUNT III- BREACH OF THE ILLINOIS INSURANCE CODE

31. Plaintiff repeats and realleges Paragraphs 1 through 30 and incorporates them by reference herein.

32. During all relevant times herein, there existed a law known as the Illinois Insurance Code, ("the Code"). 215 ILCS 5.

33. In relevant part, the Code provides that where an insurance company is liable for an unreasonable and vexatious delay in settling a claim, the Court may award reasonable attorney's fees against said insurance company in addition to other costs and an amount not to exceed $60,000. 215 ILCS 5/155(1)(b).

34. Defendant MetLife denied Plaintiff's claim on the basis of a solitary "independent" medical examination and brief surveillance of Plaintiff while he was engaged in assisting his daughter's hockey team. Based upon this extraordinary limited amount of information, Defendant's vocational rehabilitation expert concluded that Plaintiff could return to his full duties as an open outcry trader despite his permanent disabilities.

35. Plaintiff's activities recorded during the surreptitious surveillance, however, were consistent with the restrictions placed upon him by his treating physician. Further, Plaintiff's permanent injuries were supported by no less than five (5) physicians.

36. MetLife denied Plaintiff's claim on the supposition that Menotti could trade and take a break by sitting down from time to time. Said decision, however, was made without the benefit of the rules of the CME, which expressly prohibited Menotti from sitting on the steps of a pit while trading was open in that quadrant, or sitting on the floor.

37. Defendant MetLife's refusal to pay Menotti his benefits pursuant to the Plan was thus unreasonable and vexatious.

38. Defendant MetLife is thus liable to Menotti for the underlying amount of disability benefits, reasonable attorney's fees, other costs and the sum of $60,000, all in accordance with the Code.

**WHEREFORE**, Plaintiff Ralph Menotti respectfully prays that this Honorable Court enter a judgment in his favor and against Defendant for the sum of $1,132,000, his reasonable attorney's fees, statutory damages of $60,000, plus all costs of this action.

        **Plaintiff,**
        **Ralph Menotti,**

        By: /s/ Eugene K. Hollander
           One of his Attorneys

Eugene K. Hollander
Paul W. Ryan
**The Law Offices of Eugene K. Hollander**
33 North Dearborn
Suite 2300
Chicago, IL 60602
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RALPH MENOTTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.   08 C 2767 |
| v. ) | |
| ) | |
| THE METROPOLITAN LIFE INSURANCE ) | |
| COMPANY, ) | Magistrate Judge Nolan |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on Tuesday, December 23, 2008, he filed the foregoing **Second Amended Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such to the following:

> Mr. Warren von Schleicher
> Smith, von Schleicher & Associates
> 39 S. LaSalle Street St.
> Suite 1005
> Chicago, IL  60603

> s/ Eugene K. Hollander
> Eugene K. Hollander

Eugene K. Hollander
Paul W. Ryan
**The Law Offices of Eugene K. Hollander**
33 North Dearborn
Suite 2300
Chicago, IL 60602
(312) 425-9100
ehollander@ekhlaw.com
pryan@ekhlaw.com